**Benfield Partners, Inc. v Home Record, LLC**

2025 NY Slip Op 30107(U)

January 13, 2025

Supreme Court, New York County

Docket Number: Index No. 157656/2022

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

**PRESENT:**     **HON. ARLENE P. BLUTH**       **PART**         **14**

*Justice*

-------------------------------------------------------------------------------X

BENFIELD PARTNERS, INC.,

                  Plaintiff,

            - v -

HOME RECORD, LLC, 291 GRAND OWNER, LLC

                Defendant.

-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 157656/2022 |
| **MOTION DATE** | 12/09/2024 |
| **MOTION SEQ. NO.** | 006 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 006) 118, 119, 120, 121, 122, 123, 124, 125, 127, 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 139

were read on this motion to/for           VACATE/STRIKE - NOTE OF ISSUE     .

Defendant Home Record LLC's ("Home Record") motion to strike plaintiff's note of issue is granted, and plaintiff's cross motion for summary judgment is denied.

**Background**

Plaintiff Benfield Partners, Inc. ("Benfield") is a contractor that claims it performed renovations on a property located at 291 Grand Street in Manhattan for defendant Home Record LLC ("Home Record") in 2021.[1] Benfield brought claims for breach of contract and account stated and insists that it had a deal with Home Record for $247,687, was paid $90,000, and is therefore still owed $157,687.

Home Record asserted the affirmative defenses of payment in full and inaccurate statement of services rendered and claims that Benfield did not finish the work on time or in a workmanlike manner.

---

[1] Before this Court is also a related matter involving the same parties but a different property, Index Number 157655/2022.

**157656/2022 BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**       **Page 1 of 6**
Motion No. 006

1 of 6

On September 4, 2024, Benfield filed a note of issue in which it certified that all discovery was completed. On September 24, 2024, Home Record filed the instant motion to strike plaintiff's note of issue or, alternatively, to stay the deadline for filing a summary judgment motion. Benfield opposes the motion to strike and cross-moves for summary judgment on its two causes of action.

In support of its motion to strike the note of issue, Home Record points out that party depositions have not yet occurred and there are substantial unresolved discovery issues. Primary among these issues is that Benfield claims it sent thousands of pages of discoverable material to Home Record, while Home Record claims it only received sixty-one pages. In its attorney's affirmation, Benfield doubles down and states that it offered to schedule post note of issue depositions, although it did not believe them to be necessary.

In support of its cross motion for summary judgment, Benfield includes an affirmation from Christopher Benfield (a principal of Benfield) and a spreadsheet.

Mr. Benfield states that the original agreed upon budget was $129,773 with an additional $112,947 due from change orders for a total of $247,687.[2] Mr. Benfield also states that Benfield received two payments for a total of $90,000 for its work on the project. He further claims that Benfield stopped working on the project because it was not receiving payments.

The spreadsheet attached by Benfield's counsel shows an original budget of $129,773, $4,967 for "adjust of allowance budgets," and "total additional scope" of $112,947 for a total of $247,687 (NYSCEF Doc. No. 132). From the total is subtracted two payments from Home Record totaling $90,000 showing an outstanding total of $157,687 (*id.*). However, the

---

[2] The Court notes that $129,773 added to $112,947 would be $242,720.

**157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**
  **Motion No.  006**

[* 2]

spreadsheet indicates that the payments actually totaled $97,987.50 when tax was included (*id.*). The spreadsheet further states "percentages listed on all budgets starting from 2019 (*id.*)."

In opposition to Benfield's motion for summary judgment, Home Record alleges there are questions of material fact related to: the specific work requested by Home Record, the scope and quality of work performed, the total payments made, whether all work was completed in accordance with the parties' agreement, the validity of the alleged change orders, the timeline of performance, and the accuracy of plaintiff's billing records. Home Record claims that it made five separate payments to Benfield totaling $359,078.25, which Benfield has not properly credited.[3]

**Discussion**

Defendant's Motion to Vacate the Note of Issue

22 NYCRR 202.21 (e) provides that a court may vacate a note of issue if it appears that a material fact in the certificate of readiness is incorrect. Here, Benfield claimed in the certificate of readiness that all known necessary discovery was completed. This is simply not the case. The parties have not been deposed despite the Court ordering depositions (*see* NYSCEF Doc. No. 97), and there is a disagreement about the quantity and responsiveness of the documents Home Record received.

Moreover, this part's rules require that a note of issue can only be filed with permission of the Court and this Court never set a note of issue deadline. The purpose of such a rule is to avoid the instant motion practice—a situation where a plaintiff files a note of issue long before discovery is completed. Clearly, Home Record is entitled to much more discovery.

---

[3] This figure appears to be for both this project as well as the related project which is the subject of separate litigation.

**157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**                    **Page 3 of 6**
**Motion No.  006**

[* 3]

The Court therefore grants Home Record's motion to vacate the note of issue and Home Record may proceed with discovery, both document discovery and depositions. However, as Benfield represented in the certificate of readiness that all discovery is complete, and in these motion papers its counsel affirms that depositions are not necessary, this Court believes Benfield and finds that it is not entitled to seek any discovery from Home Record.

Plaintiff's Cross-Motion for Summary Judgment

To be entitled to the remedy of summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact from the case" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853, 487 NYS2d 316 [1985]). The failure to make such a prima facie showing requires denial of the motion, regardless of the sufficiency of any opposing papers (*id*.). When deciding a summary judgment motion, the court views the alleged facts in the light most favorable to the non-moving party (*Sosa v 46th St. Dev. LLC*, 101 AD3d 490, 492 [1st Dept 2012]).

Once a movant meets its initial burden, the burden shifts to the opponent, who must then produce sufficient evidence to establish the existence of a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 560, 427 NYS2d 595 [1980]). The court's task in deciding a summary judgment motion is to determine whether there are bona fide issues of fact and not to delve into or resolve issues of credibility (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 505, 942 NYS2d 13 [2012]). If the court is unsure whether a triable issue of fact exists, or can reasonably conclude that fact is arguable, the motion must be denied (*Tronlone v Lac d'Amiante Du Quebec, Ltee,* 297 AD2d 528, 528-29, 747 NYS2d 79 [1st Dept 2002], *affd* 99 NY2d 647, 760 NYS2d 96 [2003]).

**157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**
**Motion No.  006**

**Page 4 of 6**

4 of 6

Benfield failed to meet its burden on either its contract or account stated claims; there are clearly material issues of fact. Benfield alleges a breach of contract cause of action, but no contract has been produced or described in sufficient detail. Furthermore, Benfield's exhibits are not consistent in regard to what payments it purportedly received from Home Record. Curiously, the spreadsheet states "percentages listed on all budgets starting from 2019" while the complaint claims that all work took place in 2021, and there are no percentages listed on the spreadsheet. Lastly, Benfield admits that it stopped working on the project before it was completed, which raises additional issues of fact regarding the extent to which Benfield was in compliance with the parties' alleged agreement.

Regarding the part of Benfield's cross-motion that seeks summary judgment on the account stated claim, Benfield has neither annexed any change orders nor a single invoice as an exhibit. It also did not allege the specific dates when payments were originally requested or how much it requested from Home Record. Benfield clearly has not met its burden to show as a matter of law on an account stated theory of recovery.

Accordingly, it is hereby

ORDERED that defendant's motion to strike plaintiff's note of issue is granted; and it is further

ORDERED that plaintiff's cross-motion for summary judgment is denied; and it is further

ORDERED that plaintiff must sit for its initial deposition by February 21, 2025; if it is determined that there were documents not produced that were demanded before the deposition, then this Court may order another deposition if a motion seeking such relief is made; and it is further

**157656/2022   BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**
**Motion No.  006**

**Page 5 of 6**

5 of 6

[* 5]

ORDERED that plaintiff has waived its right to take defendant's deposition or seek any further discovery from defendant by representing that all discovery is complete or not necessary; and it is further

ORDERED that the case is stricken from the trial calendar; and it is further

ORDERED that, within 15 days from the entry of this order, defendant Home Record LLC shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that such service upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website)].

ORDERED that the discovery conference is adjourned to March 17, 2025 at 10 a.m. By March 10, 2025, the parties shall upload 1) a stipulation about discovery signed by all parties, 2) a stipulation of partial agreement that identifies the areas in dispute or, 3) letters explaining why no agreement about discovery could be reached. The Court will then assess whether a conference is necessary (i.e., if the parties agree, then an in-person conference may not be required).

If nothing is uploaded by March 10, 2025, or if the documents submitted show that inadequate progress has been made, the Court may adjourn the conference.

| 01/13/2025 | | |
|---|---|---|
| **DATE** | | **ARLENE P. BLUTH, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | | GRANTED IN PART | x | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157656/2022  BENFIELD PARTNERS, INC. vs. HOME RECORD, LLC ET AL**   Page 6 of 6
**Motion No.  006**